IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RAYMOND N. CHACE, JR.,<br><br>Plaintiff,<br><br>v.<br><br>M&T MORTGAGE CORPORATION, et al.,<br><br>Defendants. | Case No. CV 09-413-E-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Before the Court is Defendants' Motion to Dismiss or for More Definite Statement (Docket No. 17). The motion is fully briefed and at issue. For the following reasons, the Court will grant Defendants' Motion.

**BACKGROUND**

Plaintiff borrowed $173,000 from Defendant M&T Mortgage Corporation in July of 2006, pursuant to two promissory notes. The notes were secured by deeds of trust encumbering the real property located at 1620 Lauderhill Way in Meridian, Idaho. Plaintiff filed this lawsuit on August 25, 2009, claiming – among other allegations – breach of contract, fraud and misrepresentation, failure to disclose, unjust enrichment, and civil conspiracy. *See Complaint* (Docket No. 1). Defendants now move to dismiss for failure to state a claim on which relief can be

granted. Fed. R. Civ. P. 12(b)(6).

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964 (2007). While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555.

Only a complaint that states a plausible claim for relief survives a motion to dismiss. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are

"merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id*. at 557.

**ANALYSIS**

In the Complaint, Plaintiff identifies ten causes of action: (1) breach of contract; (2) fraud and misrepresentation; (3) failure to disclose and abuse of process; (4) violation of § 2607 of the Real Estate Settlement Procedures Act (RESPA)(12 U.S.C. §§ 2601-2617); (5) violation of the Truth In Lending Act (TILA)(15 U.S.C. § 1601 *et seq.*); (6) violation of the Home Ownership Equity Protection Act (HOEPA)(15 U.S.C. § 1639); (7) breach of fiduciary duty; (8) unjust enrichment; (9) civil conspiracy; and (10) quiet title.

**A. Statute of Limitations**

Actions for civil liability under TILA and HOEPA must be brought within one year from the date loan documents are signed – when the required disclosures should have occurred. 15 U.S.C. § 1640(e); *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003). Actions for civil liability under § 2607 of RESPA must be brought within one year of the date the loan is signed, and thus closes. 12 U.S.C. § 2614; *Kotok v. Homecomings Financial, LLC*, 2010 WL 2057046, *2 (W.D. Wash. 2009)(noting that the date on which the statute of limitations begins to toll under either TILA or RESPA is the date on which the loan closes).

In this case, Plaintiff's loans from Defendant M&T Mortgage were signed and closed on July 25, 2006. *See Exhibits* (Docket Nos. 17-3, 17-4). Plaintiff did not file this lawsuit until August 25, 2009, over three years after the loans were signed and closed. Plaintiff is therefore barred from his claims under TILA, HOEPA, and RESPA, unless equitable tolling applies.

In appropriate circumstances, equitable tolling may apply to claims under TILA, HOEPA, and RESPA, where there is excusable delay by a plaintiff. *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir. 1986); *Bednaruk v. Northwest Trustee Services, Inc.*, 2010 WL 545643, *3 (W.D. Wash. 2010). Here, Plaintiff has not alleged any facts in the Complaint suggesting that the statute of limitations should be tolled. *Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993); *Agbabiaka v. HSBC Bank USA Nat. Ass'n*, 2010 WL 1609974, *4 (N.D. Cal. 2010). Plaintiff's claims under TILA, HOEPA, and RESPA will therefore be dismissed.

**B. Quiet Title**

To maintain a claim for quiet title, a plaintiff must "affirmatively prove his title . . . [by] establish[ing] the strength of his own title rather than merely showing the weakness of any adverse claim." *Golden Condor, Inc. v. Bell*, 106 Idaho 280, 678 P.2d 72 (Idaho App. 1984); *see also Lindsey v. Moyle*, 358 F.2d 727, 728 (9th

Cir. 1966). In Plaintiff's allegations regarding his claim for quiet title, he does not address the strength of his title. Instead, he suggests – without factual basis – that Defendants "have no legal or equitable right, claim, or interest" in the subject property. Plaintiff's allegations are akin to labels and conclusions, and lack sufficient substance for the Court to reasonably infer that Defendants are liable. Plaintiff's claim for quiet title will therefore be dismissed.

**C. Fraud and Misrepresentation**

A party claiming fraud or mistake is required to go beyond the minimalist requirements of Rule 8(a)(2), and must state "with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). In his Complaint, Plaintiff has failed to meet this requirement of Rule 9(b). Plaintiff makes conclusory allegations that Defendants' actions are "fraudulent schemes," and that Plaintiff was "induced" to enter his loan transaction. But Plaintiff fails to identify such details as the time and nature of Defendants' allegedly fraudulent actions. *See Hunt v. Team Performance, Inc.*, 2009 WL 2044682, *3 (D. Idaho 2009). It is unclear what action or statement by Defendants was false or misleading to Plaintiff, let alone how or why Plaintiff believes he was misled. Plaintiff's claims for fraud and misrepresentation will therefore be dismissed.

**D. Remaining Claims**

In Plaintiff's claims for failure to disclose and abuse of process, Plaintiff alleges that Defendant improperly engaged in an operation involving Real Estate Mortgage Investment Conduits (REMICs), on a national scale. However, Plaintiff does not articulate how this operation impacted him specifically, and how such impact would support claims for failure to disclose and abuse of process. Because the Court lacks sufficient factual basis for a reasonable inference that Defendants are liable, Plaintiff's claims for failure to disclose and abuse of process will be dismissed.

With respect to Plaintiff's breach of contract claim, Plaintiff has not identified what terms of the loan contract were breached by Defendant. Plaintiff's breach of contract claim will therefore be dismissed.

Plaintiff's allegations regarding his breach of fiduciary duty claim are conclusory. Plaintiff states that Defendants breached their fiduciary duties to Plaintiff, and that their actions were "willful, wanton, intentional, and with a callous and reckless disregard for the rights of the Plaintiff." *Complaint* (Docket No. 1) at 32. Plaintiff provides no facts on which the Court could reasonably infer that Defendants are liable. This claim will therefore also be dismissed.

Similarly, Plaintiff has failed to offer allegations to support his claim of

unjust enrichment beyond bald conclusions. Accordingly, Plaintiff's claim of unjust enrichment will be dismissed.

Finally, Plaintiff alleges civil conspiracy, stating nothing more than conclusory allegations that Defendants did conspire to further an illegal act for the purpose of defrauding Plaintiff. Plaintiff's claim of civil conspiracy must also be dismissed.

**E. Leave to Amend**I

The Ninth Circuit has held that, where a court finds dismissal under Rule 12(b)(6) is warranted, the court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000), *quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)(other citations omitted). The issue is not whether Plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *See Hydrick v. Hunter*, 466 F.3d 676, 685 (9th Cir. 2006). The Court here finds that it is possible for Plaintiff to cure his Complaint with allegation of other facts. Accordingly, Plaintiff will be given leave to amend. Plaintiff is cautioned that he shall have until July 7, 2010 to amend his Complaint. The failure to sufficiently amend the Complaint by that date will result in this matter being dismissed with prejudice,

and judgment entered.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (Docket No. 17) is GRANTED. Plaintiff's Complaint (Docket No. 1) is dismissed without prejudice. However, Plaintiff shall have until July 7, 2010 to amend his Complaint to state claims on which relief can be granted. If an Amended Complaint is not filed by that date, a separate order and judgment will be entered dismissing this case with prejudice.

IT IS FURTHER HEREBY ORDERED that Defendant's request to strike Plaintiff's requests for punitive damages is MOOT. If Plaintiff files an Amended Complaint that includes requests for punitive damages, Defendant may renew the request to strike.

UNITED STATES COURTS DISTRICT OF IDAHO

DATED: **May 5, 2010**

B. Lynn Winmill

Honorable B. Lynn Winmill
Chief U. S. District Judge